UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Jane Doe 1, on behalf of Girl Doe,
and Jane Doe 2,

               Plaintiffs,                                **Complaint**

        v.

Ruben Leonard Mytty,                       **Jury Trial Demanded**
                                           Under FRCP 38(b)

               Defendant.

_____

For their Complaint, Plaintiffs Jane Doe and Jane Doe 2 hereby state and allege as follows:

1.       Jane Doe 1 is the mother and natural guardian of Girl Doe, a 16-year old girl. Jane Doe and Girl Doe are resident citizens of Wright County, State of Minnesota.

2.       Jane Doe 2 is a an 18-year-old woman and a resident citizen of Wright County, State of Minnesota. She is the daughter of Jane Doe 1, and sister of Girl Doe.

3.       Plaintiffs are proceeding under pseudonyms to protect their privacy as the victims of childhood sexual abuse. Jane Doe 1's actual name would lead to easy identification of her children, Jane Doe 2 and Girl Doe. Defendant is aware of the actual identity of Jane Doe 1, Jane Doe 2, and Girl Doe, and Plaintiffs shall further identity themselves under the terms of a protective order.

4.       Defendant Ruben Leonard Mytty ("Mytty") is a 79-year old male resident citizen of Colorado. Mytty is related to Plaintiffs. At all relevant times Mytty resided in either Colorado or Arizona but frequently visited family in Wright County, Minnesota

and committed acts in Minnesota that caused personal injury, thereby giving rise to personal jurisdiction and venue in Minnesota District Court.

5.　　The matter in controversy exceeds the sum or value of $75,000 and, therefore, jurisdiction is conferred properly by 28 U.S.C. § 1332.

6.　　From around 2007 to 2020, Mytty repeatedly touched the bodies of Jane Doe 2 and Girl Doe, including but not limited to the areas of their genitals, thighs, and breasts while in Wright County, Minnesota.

7.　　Mytty's touching of Jane Doe 2 and Girl Doe was nonconsensual.

8.　　Mytty's touching Jane Doe 2 and Girl Doe was nonconsensual.

9.　　Mytty's touching of both Jane Doe 2 and Girl Doe was intentional, or in the alternative, negligent.

10.　　Mytty's touching of both Jane Doe 2 and Girl Doe occurred in Wright County, Minnesota, as well as in Colorado and Arizona.

11.　　Criminal sexual conduct charges were brought against Mytty in Wright County, Minnesota for his conduct related to Girl Doe and Jane Doe 2.

12.　　On September 27, 2021, Mytty was convicted under Minn. Stat. § 609.343 of criminal sexual conduct in the second degree for his actions related to Girl Doe and Jane Doe 2.

**Count One**
**Assault and Battery**

13.　　Jane Doe 1 and Jane Doe 2 incorporate all allegations of this Complaint as if fully stated herein.

14.     Mytty caused Girl Doe and Jane Doe 2 to fear offensive contact and Mytty made the offensive contact with Girl Doe and Jane Doe 2 as described herein.

15.     As a direct and proximate cause of Mytty's assault and battery, Girl Doe and Jane Doe 2 have endured and will endure emotional distress, pain, suffering, humiliation, embarrassment, and other items of compensatory damages in an amount to be determined by jury, but believed to be in excess of $1,000,000.

16.     As a direct and proximate cause of Mytty's assault and battery, Girl Doe and Jane Doe 2 will incur medical expenses in an amount to be established through expert testimony and determined by jury.

**Count Two**
**Negligence**

17.     Jane Doe 1 and Jane Doe 2 incorporate all allegations of this Complaint as if fully stated herein.

18.     Mytty owed Girl Doe and Jane Doe 2 a duty of reasonable care.

19.     Mytty breached that duty by his actions as described herein.

20.     As a direct and proximate cause of Mytty's negligence, Girl Doe and Jane Doe 2 have endured and will endure emotional distress, pain, suffering, humiliation, embarrassment, and other items of compensatory damages in an amount to be determined by jury, but believed to be in excess of $1,000,000.

21.     As a direct and proximate cause of Mytty's negligence, Girl Doe and Jane Doe 2 will incur future medical expenses in an amount to be established through expert testimony and determined by jury.

## Count III – Negligence Per Se

22.     Jane Doe 1 and Jane Doe 2 incorporate all allegations of this Complaint as if fully stated herein.

23.     Mytty's conduct towards Girl Doe and Jane Doe 2 violated Minnesota Statute § 609.343.

24.     Mytty engaged in nonconsensual sexual contact of Girl Doe and Jane Doe 2

25.     Mytty's conduct constitutes sexual abuse in accordance with Minnesota Statute § 541.073, subd. 1.

26.     Mytty's violation of the criminal sexual conduct statute establishes that he breached a duty that he owed to Girl Doe and Jane Doe 2.

27.     As a direct and proximate result of the aforementioned conduct, Girl Doe and Jane Doe 2 incurred and will incur past and future medical expenses.

28.     As a direct and proximate result of the aforementioned conduct, Girl Doe and Jane Doe 2 suffered bodily, physical, and emotional injury and have endured and will endure past and future emotional distress, pain, suffering, humiliation, embarrassment, and other items of compensatory and special damages to be determined by jury, but believed to be in excess of $1,000,000.

29.     Plaintiffs hereby demand a trial by jury.

WHEREFORE, Plaintiffs Jane Doe 1 on behalf of Girl Doe and Jane Doe 2 pray for judgment against Defendant Ruben Mytty as follows:

1. As to Count One, a money judgment for compensatory damages in excess of One Million Dollars ($1,000,000), together with costs and disbursements herein, pre-and-post-judgment interest;

2. As to Count Two, a money judgment for compensatory damages in excess of One Million Dollars ($1,000,000), together with costs and disbursements herein, pre-and-post-judgment interest;

3. As to Count Three, a money judgment for compensatory damages in excess of One Million Dollars ($1,000,000), together with costs and disbursements herein, pre-and-post-judgment interest; and

4. For such other and further relief as this Court deems just and equitable.

**NEWMARK STORMS DWORAK LLC**

Dated: May 19, 2022

/s/ Ryan O. Vettleson
Jeffrey S. Storms, MN #387240
Ryan O. Vettleson, MN #312915
150 South Fifth Street, #1850
Minneapolis, MN 55402
Telephone: 612.455.7050
Fax: 612.455.7051
jeff@newmarkstorms.com
ryan@newmarkstorms.com

and

**BURNS LAW FIRM PLLC**

Patrick R. Burns MN #334054
1624 Harmon Place, Suite 300
Minneapolis, MN 55403
612-877-6400
patrick@burns-law.mn

*Attorney for Plaintiffs*